ANDREWS, Judge.
This matter is before the court on a motion of Emory Alger Shiver to dismiss an appeal by the State from an order granting motion for directed verdict entered by the court several weeks after a jury had found the defendant guilty as charged.
The defendant entered a plea of not guilty, and the cause was tried before a jury. The defendant moved for directed verdict of not guilty at the conclusion of the State’s presentation of its case, and again at the conclusion of the presentation of the case of the defendant. The court reserved rulings on both motions, and submitted the cause to the jury.
The jury found the defendant guilty as charged, and the defendant renewed his motion for directed verdict. After consideration by the court and several weeks delay, the order granting defendant a directed verdict of not guilty and setting aside the verdict of the jury of guilty was entered.
The State contends that once the jury is discharged, the court cannot then direct a verdict of acquittal, and that, therefore, such order is appealable under the provisions of F.S.A. § 924.07.
During the course of a trial the judge is required to make numerous and complicated rulings, and it is not unreasonable or unusual that a court should require time fori research and study before making a determination, and that to withhold submitting a cause to the jury pending ruling on a motion for directed verdict would be unreasonable and unnecessary imposition upon the jury. In the absence of prohibitive legislation, the court possessed inherent power to direct a verdict of not guilty pursuant to the reservation of its ruling, when it deemed the same essential for the proper administration of justice. Ex parte United States, 7 Cir.1939, 101 F.2d 870, 131 A.L.R. 176.
Accordingly, the motion to dismiss the appeal is
Granted.
WHITE, Acting C. J., and RAWLS, JOHN S., Associate Judge, concur.